PEARSON, J.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| STEVEN C. MAUER, | ) | |
| | ) | CASE NO. 5: 23 CV 1510 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | JUDGE BENITA Y. PEARSON |
| | ) | |
| OFFICER NORMAN JACOBS, et al., | ) | |
| | ) | **MEMORANDUM OF OPINION** |
| Defendants. | ) | **AND ORDER** |

## I.  Background

*Pro se* Plaintiff Steven Mauer has filed a civil complaint in this matter under 42 U.S.C. § 1983 against Kent Police Detective Norman Jacobs and Law Director Hope L. Jones (collectively, "Defendants").  *See* ECF No. 1.  The Complaint pertains to Plaintiff's arrest and prosecution in Portage County Municipal Court.  *See State of Ohio v. Mauer*, No. 2023 CR 00323 (Portage Cty. Mun. Ct.).  Plaintiff was arrested and charged with unlawful restraint and unlawful imposition in connection with an incident in which Plaintiff took a woman home from a bar.  Ultimately, Plaintiff entered a plea of guilty/no contest in the criminal case and was convicted of unlawful restraint with unlawful sexual contact.  *See id.*

In his Complaint, Plaintiff contends Defendant Jacobs violated his federal rights, and defamed and committed other torts against him, by making false and misleading statements regarding the incident in the Statement of Facts presented to the prosecutor which resulted in the criminal charges.  ECF No. 1 at PageID #: 2-3.  He contends Defendant Jones violated his rights by prosecuting him and ignoring evidence that would have exonerated him.  ECF No. 1 at PageID #: 3.

1

5:23-CV-1510

For relief, Plaintiff seeks $150,000 in damages.  With his Complaint, Plaintiff filed a motion to proceed *in forma pauperis*.  *See* ECF No. 2.  That motion is granted.  For the following reasons, his Complaint is dismissed.

## II.  Standard of Review

*Pro se* pleadings are liberally construed and held to less stringent standards than formal pleadings drafted by lawyers.  *Boag v. MacDougall*, 454 U.S. 364, 365 (1982); *Haines v. Kerner*, 404 U.S. 519, 520 (1972).  However, federal district courts are required under 28 U.S.C. § 1915(e)(2)(B) to dismiss any *in forma pauperis* complaint filed in federal court that the court determines is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  *Hill v. Lappin*, 630 F.3d 468, 470 (6th Cir. 2010).  In order to withstand dismissal for failure to state a claim, a *pro se* complaint must contain sufficient factual matter, accepted as true, to state claim to relief that is plausible on its face.  *Id.* at 470-71 (holding that the standard articulated in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) for dismissals under Fed. R. Civ. P. 12(b)(6) governs dismissals for failure to state a claim under 28 U.S.C. § 1915(e)(2)(B)).

## III.  Analysis

Upon review, the Court finds that Plaintiff's Complaint must be dismissed for failure to state a claim.  Even construed liberally, it does not state a cognizable federal claim upon which he may be granted relief.

In *Heck v. Humphrey*, 512 U.S. 477, 486-487 (1994), the Supreme Court held that:

> in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983.

5:23-CV-1510

Plaintiff's federal claims, whatever they specifically are as against each Defendant, clearly call into question the validity of the criminal charges brought against him and his conviction in Portage County Municipal Court, but he has not alleged or demonstrated that his conviction has been invalidated or called into question in any of the ways articulated in *Heck*. Accordingly, under *Heck*, his complaint fails to state a cognizable § 1983 damages claim upon which he may be granted relief.

Further, in the absence of a viable federal claim, the Court declines to exercise supplemental jurisdiction over any state-law tort claim Plaintiff alleges.  District courts have discretion to refuse to exercise supplemental jurisdiction over state law claims if "the district court has dismissed all claims over which it has original jurisdiction."  28 U.S.C. § 1367(c)(3). "When all federal claims are dismissed before trial, the balance of considerations usually will point to dismissing the state law claims ...."  *Widgren v. Maple Grove Tp.*, 429 F.3d 575, 586 (6th Cir. 2005) (quoting *Musson Theatrical, Inc. v. Fed. Express Corp.*, 89 F.3d 1244, 1254–55 (6th Cir. 1996)).  A district court should consider the interests of judicial economy and the avoidance of multiplicity of litigation and balance those interests against needlessly deciding state law issues.  *Aschinger v. Columbus Showcase Co.*, 934 F.2d 1402, 1412 (6th Cir.1991).  Here, given the dismissal of Plaintiff's federal claims at this early stage, the Court finds that the balance of considerations weighs against the continued exercise of supplemental jurisdiction.  Accordingly, Plaintiff's state-law claims will be dismissed without prejudice.

### IV. Conclusion

In accordance with the foregoing, Plaintiff's federal civil rights complaint is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B), and his state-law claims are dismissed without prejudice. The Court further certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

3

5:23-CV-1510

IT IS SO ORDERED.


___November 22, 2023_____          ___/s/ *Benita Y. Pearson*_____
Date                                                                Benita Y. Pearson
                                                                        United States District Judge